The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh, give their attention, for the court is now sitting. God save the United States and this Honorable Court. Good morning, Your Honors. May it please the Court. My name is Lyda Angerer with Petitioner Andrew Shaw. With the Court's permission, I'd like to reserve three minutes for rebuttal. Yes. Not only did the Immigration Court and the Board of Appeals, Board of Immigration Appeals, apply the wrong standard in Mr. Shaw's case, but even under their own standard here, the government failed to submit clear and convincing evidence to support a holding, a finding of removability. The categorical approach is the well-established mode of analysis that should have been applied to Mr. Shaw's case. This has been established in the Supreme Court in Taylor and DeKalb. Under this approach, the Immigration Court is only to look at the statutory definition of the crime of conviction. What does the categorical approach have to do with this problem? So the categorical approach has been the analysis that's applied when comparing a conviction under state law to see if it amounts to federal. I know what it is, but I wonder if it doesn't, the categorical approach and all of that, doesn't address a wholly different set of The categorical approach would have prevented the indictment from coming in. It would just have been a comparison of the elements contained in the statute. And under that, the conspiracy conviction would not amount to a crime relating to controlled substance. But the categorical approach applies when we're trying to decide whether something is a predicate crime of violence. And here, that's not so much an issue. We're not trying to discover the nature of a crime. We're trying to discover whether just what the conviction was. It's a factual matter of what the conviction was. The categorical approach is a legal matter about the nature of a conviction and whether it's violent or not. This seems to me to be more a factual matter, just determining what the previous conviction was. And that's a matter that's a matter for a fact finder. I don't see that we need to get into categorical approach. If we did, you know, the fact finder looked at only at Shepard approved documents and didn't go into the particulars of the case. It just seems to me that the categorical approach, I think everyone would agree, is giving rise to some confusion. And now we're trying to expand it into a totally different area. Your Honor, even under the modified categorical approach or some circumstance-specific approach in which facts would come in, the government failed to provide enough evidence, enough facts of the underlying offense. But that's a different question from the categorical approach. You're saying that they didn't provide enough evidence? You'd agree that if the conviction was for what the government says it was for, it was a controlled substances violation? Yes, Your Honor. Okay. So the question is, it's not the nature of it, whether it's a crime of violence or an aggravated felony or something. What was the conviction? I understand, Your Honor. And the conviction was for a conspiracy for an unlawful purpose. It's the government's burden to then submit substantial, reasonable, probative evidence of what the factual basis for that conviction was. The indictment does not include that, and that's all we have. The record of conviction states that he was convicted by plea agreement of third-degree conspiracy. He was not charged with third-degree controlled substance violations. They were first-degree. Well, are you familiar with the Second Circuit's decision that the government cites Ms. Rahi? I don't think he responded to it. I don't believe so, Your Honor. What was the name of the case? Ms. Rahi, which deals with this issue in terms of inchoate crimes and what you can look at. And the determination of what documents would come in under that? Well, the case determines that with an inchoate crime that it's necessary to look at the underlying crime in order to determine what an attempt of conspiracy or solicitation crime concerns. Right, Your Honor. I understand that. And the government's burden, the government has the burden to provide clear and convincing, excuse me, clear and convincing evidence of what that underlying offense was, and they did not do that. So is your argument that the government's methodology is wrong or that there's a failure of proof for that? It was both, Your Honor. First, a categorical approach should have applied here, which would have prevented the indictment from coming in and which would have precluded a finding of violation of a controlled substance law. But even under... The Second Circuit seems to take the exact opposite position. So would your view be that they are wrong? I would suggest, Your Honor, the categorical approach is the one that has been continually applied, and the Supreme Court in DeKalb did say that it's been applied in immigration cases as well. Even assuming that I'm incorrect about that, and the approach is a factual analysis, there were not enough facts established here. There was no plea agreement or colloquy or anything to show what Mr. Shaw was pleading guilty to conspiring to. There was no police report, no transcript, no written agreement. The police report is the very kind of thing that the Shepard case says we shouldn't be looking at. I mean, we're looking at here what we're looking at in most cases. We actually have a judgment of and we have the copy of the indictment. They're both Shepard-approved documents. The relevance of that is not that the categorical approach applies, but the quality of evidence. And Shepard says that when you look at things like a plea colloquy or you look at things like a judgment of conviction or you look at something like an indictment, that's quality evidence. Hunter, I don't disagree with you. It's the amount of evidence, though, that is missing here. Just the indictment is not enough. Mr. Shaw was convicted of conspiracy in the third degree. He was charged in count three with a first degree felony. They didn't have just the indictment here. The judgment of conviction, it starts with the original charges and it has count one, two, three. And then final charges, which is the guilty plea. And it has description, conspiracy, third, and then it has the statute, which was violated, which was the object of a conspiracy. No, Your Honor, the statute that's cited there is just the conspiracy statute. That's just the general conspiracy statute. There is no reference to an underlying controlled substance offense in the judgment of conviction. Well, the judgment of conviction refers back to the indictment. And the indictment, the third count of it indicates that there was a contrary to the provision of 2C colon 5 dash 2, which is, and then the whole third count of the indictment, it says, did conspire with each other to dispense or distribute a controlled dangerous substance. That is marijuana in a quantity of 25 pounds or more. Yes, Your Honor. And then that indictment, every single count was amended by the prosecutor. It was either dismissed or amended. That is a first degree felony charge in the indictment in 3. Conspiracy takes the degree of the underlying offense. So the conspiracy conviction for third degree offense here would mean that he was admitting to committing a third degree, conspiring to commit a third degree crime. He was not charged with a third degree crime in the third count. There's been an amendment. There have been changes made to the indictment. It's an inherently unreliable document. If there were the terms of the written plea agreement that were also submitted by the government, that would then go to show what specific thefts Mr. Shaw was admitting to in part, as part of this written plea agreement. But without that, it's just not, it's not substantial and probative. It's not enough for the government to meet their burden. Well, count three, the only description in count three is that there is a conspiracy that could distribute a controlled dangerous substance. That is marijuana, a quantity of 25 pounds or more. That's what he pled guilty to. That's not what he pled guilty to, Your Honor. The indictment is the first, count three of the indictment is the first degree felony charge. He was convicted of conspiracy in the third degree. The underlying controlled substance offense that he, that was included in the indictment, I'm sorry, the, the controlled substance offense that was included in the indictment, there's no indication that that is what he pled guilty to. In fact, under the subsections, there is no third degree offense of a controlled substance violation under that statute. So there's a third degree conviction for conspiracy, for conspiring to commit an underlying offense. It was also a third degree. That's not contained in the indictment. We aren't, it's not clear what he pled guilty to, what the underlying offense was. Is the government's burden to produce the facts and the evidence to show what specifically, what the elements of that underlying offense were, and they failed to do that. The crime, the crime listed in the indictment is not the crime of conviction. Yes, Your Honor. It's not the underlying offense. They don't match up. It was third degree conspiracy. That's one of the problems. Supposedly, that's the whole idea. You look at categorically, whether or not it's there. Here, you're looking at the indictment. It still doesn't clear it up. Exactly, Your Honor. That's, that's 100% correct. There needs to be more. And in every case that does use an indictment, that does allow an indictment to come in, it's always an indictment plus the plea agreement, the terms of the plea agreement, or the plea call plea. This just wasn't sufficient here. It's not clear and convincing. There were too many changes made to the indictment, and it's too, it's too unclear what the actual facts were here. Even under the INA. Was there an amended indictment in the record? To my knowledge, Your Honor, there's no amended indictment at all. It went from the indictment, and then I believe a week later, I'm sorry, in June, he, he pled guilty, but that was the first, that was the only document that, that was submitted. Well, if it says in the order of conviction that he pled guilty to count three, if you look at count three in the indictment, why, why is it that sufficient? Because it, it's an amended count three. The, the count three in the indictment. And what's your, what's your basis to represent that in the record? Under New Jersey, the New Jersey statute, QC colon 5-4, a conspiracy conviction is in the same degree as the underlying offense. Unless it's a first degree underlying offense, and then it's conspiracy in the second degree. So he was being charged with the second degree conspiracy for a first degree underlying offense. And yet in the conviction, it is conviction for conspiracy in the third degree. Meaning the underlying offense has to also be in the third degree, which is not contained in the originally charged underlying offense. And so without more, we cannot be clear what the actual underlying offense was or the facts that he pled, that he admitted to in the, in the plea agreement. At the bottom of the record of conviction, it says that there were terms of the plea agreement, but they're just not included. It was the government's burden to include that. The final charges in the judgment of conviction does a specific reference to count three. To conspiracy. But the, the prosecutor. Sure, to conspiracy, but also to count three. To count three conspiracy, but not as charged. It's been amended. The degree to which it was classified as clearly shows that it was amended in the terms of the plea agreement. How is it, how is it amended? This is, I mean, it's, there was a guilty plea to the third count of the indictment, and the only specific in the third count of the indictment was conspiracy to It wasn't, it wasn't a plea, a guilty plea to the third count as charged. It was substantially changed. I, he went from facing 10 years in prison to getting two years probation. There, there is a third degree conspiracy conviction when the underlying offense was originally in first degree. They just don't match up. And any, any close call or question has to be in favor of the non-citizen when it's the government's burden to provide the evidence to substantiate the claim of removability, and that just, that was not sufficient here. There needed to be more. Oh, but when you plead guilty to a specific count of the indictment, and the specific count of the indictment sets forth factual circumstances, how does that, how can that not be? He was, because it's, that's, that's the question. This is vague. It's unclear. A third degree conspiracy conviction for an underlying controlled substance offense is not, is not what was charged. It was a first degree. Those are very different thefts. Those are different quantities of drugs. Those are, that's, it's different elements that need to be proven. A first degree controlled substance offense is not what he pled guilty to here. The conspiracy charge, it had to involve something else. We do not know what, because the government did not provide the evidence that they are required to, to sustain their burden, and there should have been no finding of, of removal in this case. Thank you, Your Honors. Thank you, Ms. Adams. Ms. Warrick. Good morning. May it please the Court, Anna Juarez for Respondent and Attorney General. Can you bring the microphone a little bit closer? Sure. Opposing counsel says there's a discrepancy in the order of conviction between the order of conviction and the indictment. What's your response to that? I feel like that's a red herring in the case. There's nothing in the record that the indictment was amended. As this Court has said, the conviction record that's in this record shows that petition was convicted of count three, judgment of conviction. The indictment shows that count three is, that Mr. Shaw did agree and conspire to violate two New Jersey statutes. One is the substance, the other is the 25 pounds or more of marijuana. Why should we stop at the indictment? Once you keep in there, and Shepard documents include more than an indictment, doesn't it? They do, and, but in this case... Then why are we stopping there? I mean, that's what counsel is saying. I mean, why are we sort of, sort of in the box, in camera on that aspect of this, the full, and we want to look at it, because this statute doesn't say what the crime is for conspiracy, does it? Correct. So we have to look at something. We're not going to use categorical. What are we going to do? We're going to stop at the indictment, because if that's not what actually he pled guilty to, then it's an incomplete review, isn't it? Well, as for stopping at the indictment, there's really no case law that says that we need every single criminal document in the case to establish the crime. Oh, but certainly that's not, that attenuated to look at what he actually pled guilty to. See, we're trying to see what his Sunday school records were, and that kind of thing, when he was a little boy, but we're not talking about strings in the atmosphere. See, to me, that's the next step. What you're charged with, and what you've pled guilty to, and what you were convicted of, that's, they kind of go hand in glove, don't they? If you're going to look, if you're going beyond categorical... Right. Right? Isn't that right? Right. Yeah. Well, right. In this case, the indictment, or the conviction record we have shows that he was convicted of count three. The indictment shows that count three is of these two underlying statutes, and really there's no... Well, what did he pled guilty to? What crime? Conspiring to dispense and distribute a controlled substance, that is marijuana, in a quantity of 25 pounds or more, in violation of the New Jersey statute. Are you reading from the indictment? Yes. Okay. But that means what you're indicted for is always what you found guilty of? Is that what you're saying? If it's for a count, and there's no other reason for count three, and in this case, especially to conspire... Wouldn't it be easy for the government to have, actually, if, in fact, he pled to something that was not first degree? Wouldn't you have those documents? First, the degree, third degree, first degree, this really doesn't... There's nothing in the statutes that come into play in this case, although... Well, New Jersey, their criminal statutes do deal with... Very important. I remember having a case where... Is it a felony? They don't do that. They do degrees, and that's very important in terms of trying to match these with predicate offenses in the federal scheme versus the state. That's federalism. States do what they want to do, but when you get into the weeds, they're going to basically how the state looks at it, but we have to look at what New Jersey does. The question is, what did he plead guilty to? Was it first or third? We don't know, do we? Counsel said it was third degree. Well, there's not really... And that's not what seemed to be in the indictment. Is that right or wrong? Counsel is wrong. There's no... And I'm gonna back up for a second, and then if I haven't answered your question, let me know. Can you represent in the record that that's not true? Since it's in your control, can you represent that's not true to the court today? The judgment of conviction, or is that he was convicted of... Can you represent to the court that he was not... That he was convicted of a third... He wasn't convicted of a third degree. Can you represent that as a government? The judgment of conviction says conspiracy, third degree. No, what he was convicted of, what he pled guilty to, can you represent to the court today, as an officer of the court, that it was not third degree? Can you? You got the right to be the government. You can, you're not. Does it make a difference? It does, because my question is, I want it to make a difference to me, at least the answer. Can you represent that it was not? I can represent what I see on the conviction record. So you can't answer my question? No. I mean, I can tell you it's on the judgment of conviction. You can't. Judge Wilber has a question for you. What I was going to say is, if we get into whether this is a third degree or first degree conspiracy, I'm just not sure what difference that makes. Because we can talk about that a great deal. But the point is that there was a judgment of conviction here. And it's very clear, because it lists right on the final charges, count three. And count three is, whether it's third degree or whether it's first degree, count three has got to be for what is the only factual predicate listed in there, which is that there was a conspiracy, be it first or third degree, to dispense or distribute a controlled substance, that is marijuana, in a quantity of 25 pounds or more. Now, that's factually what happened. And then you get into the question, well, for purposes of federal law, is that a controlled, is pleading to that fact in count three. Then you get into a question of federal law, which is, is that a controlled substance offense, which would render one inadmissible. And the point is, nobody disputes that that is a controlled substance offense. And I'm just not, when you have a judgment of conviction, and you have an indictment, and I think that they match up in the sense that we're very clear as to what count of the indictment is being pledged. And the only factual description in that count of the indictment is, da-da-da, we've read out about conspiring this quantity of marijuana. And then that becomes a question of federal law, whether it's a controlled substance offense. It's pretty straightforward, isn't it? I agree, Your Honor. And in this immigration statute, Congress wrote it very broadly. They include a conspiracy or attempt to violate any law or regulation in any state or country that relates to a controlled substance. And for decades, the board has interpreted that very broadly, has looked at the underlying offense, because generally conspiracy offenses don't include all of the possible crimes for violating it. As respondents- We don't have to give deference to them in their interpretation of the law, do we? Do we have to do that? In published board cases, the court gives deference- We have to give deference to them in terms of interpreting what the law is, in terms of whether these statutes, in fact, meet that- If it's in the immigration and- I didn't realize that. So they surmount our view of the law, interpretation of the law. It is the law. Comparing the New Jersey statute with their interpretation of the law surmounts ours? If it's a reasonable interpretation of the Immigration and Nationality Act, yes. Also, the Second Circuit- What case do you have to support that assertion? The Chevron, the Supreme Court case. Chevron? Yes. Chevron says that their interpretation of the law, in terms of what a state law is, complies with it? Not state law, but that- That's what this is. Our job is to determine whether or not, under New Jersey state law, this would be a statute that would meet the prohibitive, right? That denies him staying in the country, right? Correct. It's a legal determination, is it not? Yes. You said the BIA surmounts our interpretation of the law? Not for- You said Chevron. You said, that's what you said. I did, for interpreting the Immigration and Nationality Act. I think you better move on. Go ahead. Okay. So, as this court noted, and as we discussed in our brief, and Ms. Rocky, the Second Circuit said you don't need to apply the strict categorical approach to these kind of issues. But it- Why not? It's analogous. Why not? Because conspiracy is- it assumes that there's an underlying offense. And because this ground of inadmissibility was written so broadly by Congress, relating to a controlled substance offense, the definition includes conspiracy or attempt to violate. So the Second Circuit thought and discussed board precedent and how you need to look at the underlying offense in order to find if a conspiracy relates to a controlled substance offense. I would also like to point out, after we briefed our case, the Ninth Circuit also dealt with this issue. They did apply the categorical approach for California conspiracy, which is very similar to the New Jersey statute. They found that conspiracy in California is divisible, which is what Petitioner is arguing, because it is a conspiracy to commit any crime. Any crime in New Jersey? The Ninth Circuit was- Well, here, any crime. Here, it's any crime in New Jersey. Mr. Stealing a bubblegum, right? Conspiracy to steal a bubblegum would include everything. Right. Any, and so it's divisible for, if you're going to apply the categorical approach. Why do we need to get into that? Board precedent in the Second Circuit says you don't need to strictly apply it. The Third Circuit and not- I mean, you know, most of the cases dealing with the categorical approach have dealt with the question of whether or not something can be properly characterized as a crime of violence. And that's a question of what is the nature of the crime? But it seemed to me here, we were dealing with simply a factual matter. And that is, what was it that the person was convicted of? And if they were convicted of- once we determine that, then it becomes an undisputed matter. If the conviction is for 25 pounds, importing 25 pounds of marijuana, why do we need to get into the categorical approach, modified categorical approach, this and that, when it's undisputed? That if, as a factual matter, there was a plea to count three of the indictment and count three as part of its factual merit, as the entirety of its factual merit, no alternative factual narrative is ever presented. And if they plead to that set of facts and nobody disputes as a matter of law that it's a controlled substance offense, then that's it, isn't it? The government would agree with you. And even if this court didn't agree with the government and wanted to apply the categorical approach, as courts have, it keeps expanding. And the government agrees that it doesn't need to apply here. But even if the court decided to apply the categorical approach and followed the Ninth Circuit's approach, it could find the conspiracy is divisible. Each of the crimes is a separate element. Mathis, the Supreme Court in Mathis told us to look at what the- underlying offense to convict for a conspiracy. But within co-ed crimes, there's a- I think this is a question Judge Wilkinson, maybe Judge Frederick were getting at. There seems to be a threshold question before you make a categorical analysis. There's a prior opinion from this court written by Judge Michael that deals specifically with conspiracy in the United States versus war, neither part excited. And in that case, Judge Michael said, before one may be convicted of a conspiracy charge, it must always be asked, conspiracy to do what? Simply because some conspiracy convictions will not be predicate offenses. Taylor's categorical approach does not require a finding that all conspiracy convictions are exempt from serving as predicate offenses. And then he goes on to conclude, as the holding of the court, when presented with a prior conviction for conspiracy, a sentencing court can determine the object of the conspiracy from the record of conviction and the charging document. I would agree with that. I thought you might. Let me ask you this. As I understand one of the arguments by opposing counsel, it's essentially that there is a discrepancy in the indictment that leads to a failure of proof. I'm not recollecting that argument having been made on brief, before the board, or the immigration judge. Based on your knowledge of the record, has that argument ever been made before today? No, it has never been made. It's not exhausted. It's waived. And there's really nothing in the record that would support that argument, that the indictment has been amended before petitioner pled guilty to it. And petitioner has conceded, if the court can look at the indictment, it is a controlled substance offense. And whether the court takes the approach of Ward, or the Ninth Circuit's categorical approach, the court can look at the modified, or take the modified categorical approach, look at the record of conviction. The Supreme Court has held, and circuit courts have held, that the indictment plus the judgment of conviction are reliable documents to determine what the crime, the statute of conviction. And... It's a question, it's a simple factual question of proof. And what you're contending is that the combination, that the combination of the judgment of conviction and the indictment mesh. And that it's clear what count of the indictment was pleaded to. The count of the indictment has only one narrative sequence. It has only one specific to it. That was the count that was pleaded to. That is a controlled substances violation. Correct, your honor. That's correct. And so if there are no more questions, the court asks this court to deny the petition for review. Thank you, counsel. Thank you. Angel, you have some time reserved. Thank you, your honors. To address the, your honor's concern about whether this issue was raised, the sufficiency of the evidence was raised in the response. I want to know where you raised the issue of there being a contradiction in the indictment. Your honor, that was a nuance that was not articulated earlier. However, it does, it is part of the argument that the evidence is not sufficient here. So today is the first time you've ever raised that? Yes, your honor, that specific argument regarding the sufficiency of the evidence. And to further address the discrepancy between the indictment and the judgment of conviction, the Supreme Court in Dekamp did say that a charging document is something more that shows that there is a factual basis for the conviction. It focuses not just on the elements of the crime charge, if we're going to employ the modified categorical approach or any other approach that looks beyond the statute of conviction. It relies on facts. There needs to be facts that accompany the state conviction that show that it does then fall within the scope of the INA. And it is the government's burden. And it just did not succeed. The facts, could you have been pleading? Your honor, it could have been conspiracy to distribute anything. It could have been conspiracy. I don't know. No, that's not an account that you pled to. I mean, you say, well, it could have been any set of facts. And you say, it could have been an alternative set of facts. But there's no alternative set of facts referred to in the indictment. There's no alternative section of scenario of facts referred to in count three. There is only one set of facts. And that is what you pled to. Your honor, that's not true. There are another set of facts. And those are the ones that are included in the terms of the plea agreement, which have not been submitted by the government. The indictment is a charging document. It's alleging that this is what they're going to come with. But the prosecutor has broad discretion in amending it, especially when it comes to plea negotiations. And that's exactly what happened here. There are factual bases that were included in the plea agreement that we do not have. But that's speculation. That's not speculation. There is a plea agreement that was entered into here that would include the facts, the specific facts of the death. But it's to your advantage. I realize the government has the burden of proof. But if it's to your advantage, you have the plea agreement, don't you? No, your honor. I do not have the plea agreement. Well, did you ask for it? You know, I'm not certain, your honor. I honestly don't know. But it's the burden of the government to provide it. But the question is, when you have an indictment, an accountant indictment, an accountant indictment is pled to it. It wasn't pled to, though, your honor. That was a first degree underlying offense. This is a third degree conspiracy charge. They don't sync up. And they're vastly different. Thank you, your honors. Before you go, I just want to make sure you address Judge Wilkinson's question specifically. You said that there is. Can you just give us a little, fleshed out a little bit, as if it actually is a difference? Just go ahead. Between the count three conviction? Right, yeah. So the count three indictment charged, it was amounted to a second degree conspiracy charge for an underlying first degree offense relating to controlled substance. What's in count three amounted to a second degree? Right. So conspiracy conviction or conspiracy charge tracks the underlying offense. The degree of the underlying offense. Unless it is a first degree of underlying offense. And then the conspiracy would be secondary. So it can never be first degree conspiracy. Only second degree conspiracy. Because the underlying offense here had to have been a third degree crime in order to be convicted of a third degree conspiracy. That's two degrees away from where we started. Those involve a whole different set of facts than what was in the indictment. It's still a controlled substances violation. I'm sorry? It's still a controlled substances violation. Whether it's first degree or second degree or what have you. It might be interesting from a standpoint of state law. But in terms of federal law, the plea to that factual narrative in count three is still a controlled substance violation. No matter what label or degree state law attaches to it. It's still as a matter of federal law. It cannot be anything other than a controlled substances violation. Your Honor, we don't know that. We don't have the facts here. We don't. I don't know because I've never practiced New Jersey law. No way I could take judicial notice of that. I mean, it could have been an analog, for example. It's just unclear. And it's not Mr. Shaw's burden to sit here and explain what it could have been. It's just that the government did not meet their burden. What entitles you to raise that argument today, having never raised it before? It's part of the insufficiency of the evidence, Your Honor. You've never put the government on notice. You never put the immigration judge on notice. You never put the Board of Immigration Appeals on notice. You never put this court on notice. Your Honor, it's my understanding that it was in the respondent's brief to the Board of Immigration Appeals regarding the sufficiency of the evidence, that the indictment being insufficient, not containing enough facts. But you've never made the argument you're making today that there's a contradiction in the indictment. Not that specific argument, Your Honor, no. But it's insufficient in the evidence that would show the insufficiency the government has control of. Yes. That's something you have control of. Okay, thank you, Counsel. Thank you, Your Honors. We'll come down, recounsel, and see you for the next case.
judges: Roger L. Gregory, J. Harvie Wilkinson III, G. Steven Agee